STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
DENNIS MITCHELL (Cal. Bar No. 116039)
Assistant United States Attorneys
Environmental Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2484
    Facsimile: (213) 534-4300
    E-mail:    dennis.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 13-067(A)-DSF |
| Plaintiff, | GOVERNMENT'S RESPONSE TO PRESENTENCE REPORT FOR DEFENDANT KIYOSHIRO YAMAMOTO, REPORT OF COOPERATION ACTIVITIES AND SENTENCING RECOMMENDATION |
| v. | |
| KIYOSHIRO YAMAMOTO, | |
| Defendant. | SENTENCING DATE: May 18, 2015 |
| | TIME: 8:30 a.m. |

Plaintiff United Sates of America, by and through its attorney of record, the United States Attorney for the Central District of California, hereby submits its response to the presentence report ("PSR") for defendant Kiyoshiro Yamamoto, a report of defendant's cooperation activities, and its sentencing recommendation for defendant Kiyoshiro Yamamoto.

I

**RESPONSE TO PRE-SENTENCE REPORT**

The government has reviewed the presentence report for defendant Kiyoshiro Yamamoto ("defendant"), and concurs with the factual findings and Sentencing Guidelines calculations set forth therein.

II

**REPORT OF DEFENDANT'S COOPERATION ACTIVITIES**

This case arose out of the unlawful serving and selling of whale meat in 2009 and 2010 at the now former The Hump Restaurant (hereafter also referred to as "the restaurant") in 2009 and 2010. Defendant, a sushi chef at the restaurant, conspired to order whale meat for the restaurant and also served whale meat at the restaurant.

On or about December 19, 2013, defendant and the government entered into a cooperation agreement. However, both before and subsequent to entering into that agreement, defendant met with the government to provide information about his offense conduct and the conduct of others investigated in the case.

During an extensive proffer on September 26, 2013, defendant provided valuable information as to how the unlawful importation and sale of whale meat was carried out. Defendant also informed the government that : (1) co-defendant Ueda had spoken to defendant about ordering whale meat from Ginichi Ohira, (2) defendant Ginichi Ohira, who sold whale meat to the restaurant, used a Japanese word for fatty tuna to refer to whale meat being purchased by the restaurant, (3) the manager of the restaurant was aware of existence of whale meat at the restaurant,(4) the manager had instructed

2

defendant to sell more whale meat, (5) defendant had observed the owner of the restaurant eating whale meat at the restaurant, and 6) that during the time that defendant was the head chef of the restaurant, whale meat was sold once a month, and that before defendant was head chef, it was sold once a week.

During a proffer of defendant on February 27, 2014, defendant informed the government that he had never been instructed by the owner of the restaurant not to sell whale meat.

Information provided by defendant also helped the government determine that the whale meat sold during undercover operations at the Hump Restaurant had been obtained by the Hump Restaurant from defendant Ginichi Ohira.

After entering into the cooperation agreement, defendant provided information to the government in a timely manner and also made himself available to the government for trial preparation.

In light of the foregoing, the government recommends that the Court grant a downward departure of two offense levels pursuant to Sentencing Guidelines Section 5K1.1. If the Court grants that downward departure, defendant's total offense would be reduced from 10 to 8. With a criminal history category of one, defendant's sentencing range under the Sentencing Guidelines would be 0-6 months in Zone A.[1]

---

[1] The government also concurs with the Probation Officer's determination that defendant is not entitled to a two-level reduction for minor role. Because the ordering of the whale meat appears to have initiated with defendant and co-defendant Ueda, and because defendant was involved in the serving of the whale meat, defendant should be considered as an average participant and not as a minor participant in the offense conduct. See PSR, ¶¶ 43-44.

**III**

**SENTENCING RECOMMENDATION**

Pursuant to its plea agreement with defendant, the government recommends that the Court sentence defendant to a two-year term of probation, along with a special condition that defendant performed 200 hours of community service, a fine of $5,000, and a special assessment of $75.

**A. UNDER THE FACTORS THAT FORTH IN 18 U.S.C. § 3553(a), A PROBATIONARY SENTENCE AND FINE OF $5,000 ARE WARRANTED.**

   **1. <u>Nature and Circumstances of The Offense and the History and Characteristics of Defendant</u>.**

Defendant engaged in the unlawful sale of an endangered species, namely Sei whale. The protection of endangered species constitutes a significant governmental interest, and defendant's unlawful exploitation of an endangered species is a serious offense.

Aside from the conviction in this case, defendant previously sustained two prior convictions for driving under the influence. <u>See</u> PSR, ¶¶ 54-55. However, these convictions occurred in 1996 and 2000, and, other than this case, defendant has not had any other law enforcement contacts since that time. Moreover, defendant accepted responsibility in this matter, and is gainfully employed in a profession he has practiced for several years. <u>Id.</u> at ¶¶ 81-86.

Defendant obviously exercised poor judgment in acting as the head sushi chef that was serving whale meat to its customers. Nevertheless, having accepted responsibility for that conduct, defendant has been living a productive life. Since December 2011, he has worked as the main chef and manager of another restaurant in which he owns a 15% interest. <u>Id.</u> at ¶ 81. It is also noteworthy that according to the website "Yelp," defendant has received high

reviews for his ability as a sushi chef and for his service to his customers.  Id. at ¶ 73.  Given these facts and defendant's lack of any recent criminal history, a probationary sentence is appropriate.

> **2. The Need For the Sentence To Reflect The Seriousness Of The Offense To Promote Respect For the Law, And To Provide Just Punishment**

Defendant has been convicted of a federal criminal offense as a result of his violation of the Marine Mammal Protection Act ("MMPA") See 16 U.S.C. §§ 1372(a)(4)(B), 1375(b).  Moreover, the unlawful sale of whale at the Hump Restaurant generated substantial media attention which resulted in a shut-down of the restaurant and the loss of defendant's employment.  When these factors are also taken into account, the punishment recommended by the government should reflect the seriousness of the offense and provide just punishment. Moreover, the fact that a sushi chef has been ordered to pay a fine of $5,000, serve 200 hours of community service and report to a probation officer for a two year period should sufficiently promote respect for the law that protects marine mammals from commercial exploitation.

> **3. The Need For The Sentence To Afford Adequate Deterrence To Criminal Conduct**

Defendant's conviction and the recommended sentence should afford adequate deterrence to others in the sushi restaurant business who may be tempted to sell a protected species as an exotic menu item.  First, before their convictions in this case, both defendant and the Hump Restaurant already suffered the consequences of negative media attention arising out of their offense conduct. The addition of the sentence recommended by the government should

5

well deter other sushi chefs and those involved in the sushi restaurant business from committing violations of wildlife protection laws, such as the MMPA or the Endangered Species Act (See 16 U.S.C. §§ 1538 and 1540(b)(1)).

**4. The Need For The Sentence To Protect The Public From Further Crimes By Defendant.**

Defendant's acceptance of responsibility in this case, and his steady history of work as a sushi chef indicate that the recommended sentence should be sufficient to protect the public from further crimes by defendant.

**5. The Need For The Sentence To Provide Defendant With Needed Educational Or Vocational Training, Medical Care Or Other Correctional Treatment In The Most Effective Manner.**

Defendant has been working as the manager of a restaurant in which he also owns a 15% interest. Moreover, as stated above, he has obtained positive reviews for his work as a sushi chef. Id. Further, defendant is healthy, although he does experience neck pain from the hour he spends standing in the performance of his work as a sushi chef. Id. at ¶ 75. Accordingly, given these circumstances, this factor is not relevant for purposes of determining an appropriate sentence under 18 U.S.C. § 3553(a).

### 6. The Need For The Sentence To Avoid Any Sentencing Disparities Among Defendants With Similar Records Who Have Been Found Guilty Of Similar Conduct.[2]

The recommended sentence falls within the applicable 0-6 months range under Sentencing Guidelines. Moreover, the recommended sentence would not create a sentencing disparity with the sentence imposed on co-defendant Susumu Ueda, another former sushi chef at the Hump Restaurant and Brian Vidor, who owned the Hump Restaurant.

On May 4, 2015, the Court sentenced co-defendant Ueda to the same sentence that the government is recommending in this case. Co-defendant Ueda's conduct was similar to defendant's conduct – each of these two defendants served as the head sushi chef of the Hump Restaurant when whale meat was ordered for the restaurant or when whale meat was being served to customers.[3]

In light of the foregoing, the government recommends that defendant be sentenced to a two-year term of probation, with a special condition of 200 hours of community service, a fine of $5,000, and a special assessment of $75.

With respect to any fine imposed in this matter, the government also requests that that the Court order the payment of the imposed fine to an account which is authorized under the Magnuson-Steven

---

[2] Restitution, a factor cited under 18 U.S.C. § 3553(a)(7) is not at issue in this case.

[3] Defendant Vidor, the owner of the Hump Restaurant, pleaded guilty to knowingly allowing the sushi chefs at the Hump Restaurant to sell whale meat in 2005. His sentence, a one-year probationary term and $27,500 fine should not create an unwarranted sentencing disparity with the recommended sentence for defendant

Fishery Conservation and Management Act ("the Magnuson Act"), 16 U.S.C. §§ 1801, et seq. One of the provisions of the Magnuson Act authorizes the Secretary of Commerce to pay from sums received as fines for violations of any provisions of the Magnuson Act or "any other marine resource law" for various items, such as any expenses directly related to investigation and civil or criminal enforcement proceedings. See 16 U.S.C. § 1681(e)(1). Accordingly, the government requests that the Court direct that any fine imposed at defendant's sentencing be made payable to "Department of Commerce/NOAA" under the authority of 16 U.S.C. § 1681(e)(1) for the purpose of utilizing such funds as authorized under 16 U.S.C. § 1681(e)(1). Further, the government requests that the fine payments be sent to: NOAA Office of Law Enforcement, 501 West Ocean Blvd., Suite 4300, Long Beach, California 90802.

Dated: May 12, 2015

Respectfully submitted

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
DENNIS MITCHELL
MARK A. WILLIAMS
Assistance United States Attorneys